**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **AMY COPPEDGE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **3:08-CV-23(HL)** |
| **SUNTRUST BANKS, INC., et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |
| : | |

# **ORDER**

Before the Court are Defendants' Motion for Summary Judgment (Doc. 19) and Plaintiff's Motion for Hearing (Doc. 26). For the following reasons, Defendants' Motion is granted, and Plaintiff's Motion is denied as moot.

**I.   BACKGROUND**

On October 26, 2007, Plaintiff filed a petition for bankruptcy under Chapter 13. Approximately one week later, on November 2, 2007, Plaintiff was terminated from her employment as an Assistant Branch Manager with SunTrust Banks. On the day of her termination, Plaintiff told her supervisor that her termination was illegal and that she "was going to the EEOC and the Department of Labor about this." (Compl. ¶ 34).

On November 11, 2007, after Plaintiff was terminated, Plaintiff filed in her

1

Chapter 13 case a sworn Statement of Financial Affairs and a Schedule of Personal Property.  The Statement of Financial Affairs required Plaintiff to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Defs.' Mot. Summ. J. Ex. A, 9.) The Schedule of Personal Property required Plaintiff to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each." (Id., 18.)  The Schedule also required her to list "[o]ther personal property of any kind not already listed." (Id., 19.)  Plaintiff did not report her claim for employment discrimination on either form.

In January 2008, Plaintiff filed with the bankruptcy court an Amendment of Creditors to add a creditor.  On February 20, 2008, Plaintiff filed a charge of discrimination with the EEOC, alleging that her termination was the result of unlawful employment discrimination.  Plaintiff did not amend her bankruptcy forms to list this proceeding.  On March 20, 2008, Plaintiff instituted this civil action for employment discrimination.  Plaintiff did not amend her bankruptcy filings to list this suit.

On June 23, 2008, Defendants faxed Plaintiff's counsel a letter, explaining that Defendants would be seeking dismissal of Plaintiff's employment discrimination suit on the basis of judicial estoppel because Plaintiff did not report her discrimination claim in her bankruptcy filings.  The next day, Plaintiff amended her Schedule of Personal Property to include this lawsuit.  Defendants subsequently filed this Motion

for Summary Judgment, contending that the doctrine of judicial estoppel prevents Plaintiff from bringing this suit.  Plaintiff has requested a hearing on Defendants' Motion.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254-55.  The Court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal

quotation marks omitted). If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law. Id. at 324-26. This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Under this scheme, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B.     Motion for Summary Judgment

Judicial estoppel is an equitable doctrine invoked at the court's discretion. New Hampshire v. Maine, 532 U.S. 742, 750 (2001). It is designed to "prevent 'improper use of judicial machinery.'" Id. (citation omitted). Generally, the doctrine "'prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" Id. at 749 (quoting Pegram v. Herdrich, 530 U.S. 211, 227 n.8 (2000)). Courts in the Eleventh Circuit primarily consider two factors when deciding whether to apply the doctrine of judicial estoppel. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). "'First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system.'" Id. (quoting Salomon

Smith Barney, Inc. v. Harvey, M.D., 260 F.3d 1302, 1308 (11th Cir. 2001)).  These factors are "not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." Id. at 1286.  Before the Court discusses the application of these factors to the facts of this case, the Court will first provide a general overview of a debtor's disclosure duties under the bankruptcy laws.

When a debtor files for bankruptcy, the debtor is required to file with the bankruptcy court a schedule of assets and liabilities.  11 U.S.C. § 521(a)(1).  "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."  Burnes, 291 F.3d at 1286.  "Full and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system.'"  Id. (quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al., 81 F.3d 355, 362 (3d Cir. 1996)).

A debtor's assets include potential legal causes of action.  In re Icarus Holding, L.L.C., 391 F.3d 1315, 1319 (11th Cir. 2004).  Under 11 U.S.C. § 541, a debtor's bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added).  Thus, the general rule is that only causes of action that existed prior to the filing of the bankruptcy petition are property of the bankruptcy estate.  See In re Witko, 374 F.3d 1040, 1042 (11th Cir. 2004).  In a Chapter 13 case, however, a

debtor's bankruptcy estate includes the property specified in § 541 and property the debtor acquires after commencement of the Chapter 13 case but before confirmation of the bankruptcy plan. 11 U.S.C. § 1306(a)(1); 11 U.S.C. § 1327(b); Telfair v. First Union Mortgage Corp., 216 F.3d 1333, 1340 (11th Cir. 2000); Thompson v. Quarles, 392 B.R. 517, 523 (S.D. Ga. 2008) ("Under the law as it is interpreted in this Circuit, all property acquired by a Chapter 13 debtor until confirmation is property of the estate."). Accordingly, a cause of action that arises after the filing of a petition for relief under Chapter 13, but before confirmation, is property of the debtor's bankruptcy estate. See Thompson, 392 B.R. at 523.

Applying the Eleventh Circuit's two-factor judicial estoppel test to Plaintiff's failure to list this cause of action as an asset in her bankruptcy filings, the Court concludes that judicial estoppel should be applied in this case to prohibit Plaintiff from bringing this cause of action. First, there is no doubt that the first factor of the two-factor test is met. Plaintiff was terminated on November 2, 2007. On that day, Plaintiff was aware that this cause of action existed, as evidenced by her statement to her employer that her termination was unlawful and that she was going to be filing a complaint with the EEOC. As a result, Plaintiff had a duty to list this claim on the Schedule of Personal Property she filed on November 11, 2007.[1] See In re Coastal

---

[1] It is doubtful that Plaintiff had a duty to list this claim on her Statement of Financial Affairs when she initially submitted it because that form asks for the debtor to lists suits or proceedings to which the debtor is a party. When she initially submitted that form, Plaintiff had not filed her EEOC charge or this lawsuit. At a minimum, however, Plaintiff had a duty to list

Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999) ("The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information...prior to confirmation to suggest that it may have a possible cause of action, then it is a 'known' cause of action such that it must be disclosed." (alteration in original) (internal quotations omitted)).  Plaintiff did not list this cause of action on the form, and it was submitted under oath.  Moreover, Plaintiff did not amend her Schedule of Personal Property or her Statement of Financial Affairs when she filed her EEOC charge on February 20, 2008, nor did she amend them when she filed this lawsuit on March 20, 2008.  See Burnes, 291 F.3d at 1286 ("The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court.").  Thus, the first prong of the two-prong test is met because Plaintiff has taken an inconsistent position under oath in a prior proceeding.

      Second, this Court finds that the record in this case supports a finding that Plaintiff's misrepresentations to the bankruptcy court were intended to make a mockery of the judicial system.  A showing of intent to make a mockery of the courts requires a "purposeful contradiction" or deliberate manipulation, "not simple error or inadvertence." Barger v. City of Cartersville, 348 F.3d 1289, 1294 (11th Cir. 2003); Burnes, 291 F.3d at 1286-87.  In a bankruptcy case, courts can infer that the debtor

---

this claim on her Schedule of Personal Property.  Furthermore, as demonstrated below, Plaintiff had a duty to amend both her Statement of Financial Affairs and Schedule of Personal Property when she filed her EEOC charge and when she filed suit.

possessed the requisite intent if the debtor knew of the undisclosed claims and had a motive to conceal them. Burnes, 291 F.3d at 1287; De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1291-92 (11th Cir. 2003).

Here, Plaintiff knew of the undisclosed claim before she submitted her Statement of Financial Affairs and Schedule of Personal Property because before she submitted those forms Plaintiff told her employer that her termination was unlawful. Also, Plaintiff was aware of this claim on February 20, 2008, when she filed her EEOC charge, and on March 20, 2008, when she filed this lawsuit. Plaintiff had a motive to conceal her employment discrimination claim because the claim was property of the estate and thus a potential source of repayment to her creditors. See De Leon, 321 F.3d at 1292 (holding that a financial motive to hide assets exists under Chapter 13 because the hiding of assets affects the amount of repayment due to creditors). Because Plaintiff knew of the undisclosed claim and had a motive to conceal it, the Court finds that Plaintiff possessed the requisite intent to make a mockery of the courts.

The conclusion that Plaintiff possessed the requisite intent is bolstered by Plaintiff's repeated failures to include this claim in her bankruptcy filings. As noted above, Plaintiff first failed to list this claim as an asset when she submitted her bankruptcy forms in November 2007. Plaintiff failed for a second time to report this claim when she did not amend her forms when she filed her EEOC charge in February 2008. Finally, Plaintiff failed for a third time when she did not amend her

8

forms when she filed this suit in March 2008. Based on Plaintiff's repeated failures to report this claim, the Court finds further justification for its conclusion that Plaintiff's failure to report this asset was done with the intent to make a mockery of the courts.

Plaintiff's arguments against the application of judicial estoppel are unpersuasive. First, she contends that she did not attempt to conceal her claims from the bankruptcy court because she promptly had her bankruptcy counsel amend her Schedule of Personal Property to include this lawsuit as an asset after she was notified of the omission by Defendants. The Eleventh Circuit has repeatedly rejected the argument that judicial estoppel should not be applied when the debtor-plaintiff has attempted to remedy an omission by amending her bankruptcy filings. See Burnes, 291 F.3d at 1288; De Leon, 321 F.3d at 1291-92; Barger, 348 F.3d at 1297. Likewise, in this case, Plaintiff's tardy amendment to her bankruptcy forms does not save her claim from the application of judicial estoppel. Plaintiff only amended her bankruptcy forms to report this claim after she was notified by Defendants that they would be seeking summary judgment based on judicial estoppel. As the Eleventh Circuit noted in Burnes:

> The success of our bankruptcy laws requires a debtor's full honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider

9

disclosing potential assets only if he is caught concealing them. Burnes, 291 F.3d at 1288.  Accordingly, this argument by Plaintiff is rejected.

Second, she argues that because Defendants are not creditors, they were not prejudiced by her failure to disclose this lawsuit.  This argument is without merit. See Burnes, 291 F.3d at 1286.  The doctrine of judicial estoppel is intended to protect the judicial system.  Id.  Thus, parties invoking the doctrine need not demonstrate individual prejudice.  Id.

Third, she contends that she did not have to disclose the lawsuit as an asset because her cause of action accrued after she filed for bankruptcy.  Plaintiff's argument on this point appears to be a result of a fundamental misunderstanding of bankruptcy law.  As noted above, Chapter 13's definition of property is broader than the definition employed by some of the other Chapters of the Bankruptcy Code. Under Chapter 13, a debtor's bankruptcy estate includes property the debtor acquires after commencement of the Chapter 13 case but before confirmation of the bankruptcy plan.  11 U.S.C. § 1306(a)(1); 11 U.S.C. § 1327(b); Telfair, 216 F.3d at 1340; Thompson, 392 B.R. at 523.  Plaintiff's cause of action against Defendants, which accrued after she filed for Chapter 13 protection, but before her plan was confirmed, is part of her bankruptcy estate.  Plaintiff therefore had a duty to disclose it.

Fourth, Plaintiff contends that judicial estoppel should not be applied because the Chapter 13 trustee is the real party in interest, and the Trustee did not make any

10

misrepresentations. In support of this argument, Plaintiff relies on Parker v. Wendy's Int'l, Inc., 365 F.3d 1268 (11th Cir. 2004). In Parker, the trustee pursued a debtor's employment discrimination action on behalf of the debtor's bankruptcy estate. Id. at 1269-70. Applying the doctrine of judicial estoppel, the district court dismissed the employment discrimination action because the debtor failed to disclose her employment discrimination claim to the bankruptcy court. Id. at 1270. On appeal, the Eleventh Circuit reversed because the trustee, not the debtor-plaintiff, was pursuing the case against the defendant. Id. at 1272. Because the trustee, as the real party in interest, did not make any misrepresentations about the existence of the claim, the Eleventh Circuit held that the trustee could not be judicially estopped from pursuing it. Id.

In this case, Plaintiff, not the Chapter 13 trustee, is pursuing this cause of action.[2] Thus, unlike Parker, this is not a situation where judicial estoppel is being applied to a party who did not make a misrepresentation. To the contrary, the Court is judicial estopping Plaintiff from pursuing a claim that Plaintiff previously denied existed. Accordingly, Plaintiff's argument on this point is rejected.

Finally, Plaintiff contends that she did not intend to make a mockery of the judicial system. As evidence that she did not posses the requisite intent, Plaintiff contends that she fully disclosed this lawsuit to her bankruptcy counsel and

---

[2]Because this is a Chapter 13 case, Plaintiff retains standing to pursue legal claims on behalf of the estate. Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004).

depended on him to report it. In Barger, the Eleventh Circuit considered and rejected this same argument. 348 F.3d at 1295. As in this case, the plaintiff in Barger argued that she did not possess the requisite intent because she fully disclosed her employment discrimination claim to her bankruptcy attorney. In rejecting this argument, the Eleventh Circuit stated:

> "[T]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. [I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant."

Id. (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 & n.10) (second alternation in original). Likewise, in this case, the Court finds unpersuasive Plaintiff's argument that the omissions of her bankruptcy counsel should not be held against her.

Moreover, not only can her bankruptcy counsel's omissions be held against her, but, in addition to the evidence of Plaintiff's intent that was discussed above, the

record is clear that Plaintiff is to blame for the failure to disclose this claim. Plaintiff signed the Statement of Financial Affairs and Schedule of Personal Property, and declared under penalty of perjury that she read those forms and that they were correct. Thus, Plaintiff cannot now assert that she had no knowledge that this claim was not reported when she initially submitted her bankruptcy forms. Plaintiff was also aware that she had a continuing duty to amend her bankruptcy filings because she signed the January 2008 Amendment of Creditors to add a creditor after she filed for bankruptcy; therefore, Plaintiff also cannot assert that she was not aware that she had a duty to amend her filings.

### C. Motion for Hearing

Because the Court has granted Defendants' Motion for Summary Judgment, Plaintiff's Motion for Hearing is denied as moot.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted and Plaintiff's Motion for Hearing is denied as moot.

**SO ORDERED**, this the 14th day of January, 2009

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc